1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7

8

KARI FUGATE,                                          )        3:11-cv-00816-RCJ (WGC)
                                                     )
9                                                    )
             Plaintiff,                              )        **MEMORANDUM DECISION**
10                                                   )        **AND ORDER**
                    vs.                              )
11                                                   )
     SOCIAL SECURITY                                 )
12   ADMINISTRATION                                  )
                                                     )
13           Defendant.                              )
     _____ )

14

15          Before the court is Plaintiff's application to proceed *in forma pauperis* and *pro se* civil

     rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. # 1, Doc. # 1-1.)[1]

16
             **I. APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***
17
             A person may be granted permission to proceed *in forma pauperis* if the person
18
     "submits an affidavit that includes a statement of all assets such [person] possesses [and] that
19
     the person is unable to pay such fees or give security therefor. Such affidavit shall state the
20
     nature of the action, defense or appeal and affiant's belief that the person is entitled to
21
     redress." 28 U.S.C. § 1915(a)(1).  "'[T]he supporting affidavits [must] state the facts as to the
22
     affiant's poverty with some particularity, definiteness, and certainty.'" *United States v.*
23
     *McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*,
24
     277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the
25
     benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).
26

27

28
             _____
             [1] Refers to court's docket number.

In her application, Plaintiff states that she is currently unemployed.  (Doc. # 1 at 1.) Plaintiff's income consists of $1,385 a month that her husband receives in unemployment benefits. (*Id.*) She has $160.00 in a checking or savings account. (*Id.* at 2.) Plaintiff's assets include a 1993 Dodge Ram worth $1,000 and a 2002 Ford F-150 worth $3,000. (*Id.*) Plaintiff's monthly expenses which total $1,387.50, include: (1) $685 for rent; (2) $200 for utilities; (3) $100 for transportation; (4) $127.50 for life insurance; (5) $211 for automobile insurance; (6) $25 to Visa; and $30 to Dell. (*Id.*)  Plaintiff has three dependent daughters, ages eleven (11), seven (7), and three (3).  (*Id.*)

Based on the information contained within her application, the court finds it is unlikely Plaintiff would be able to pay the $350 filing fee given that her monthly income is approximately equal to her monthly expenses. Therefore, Plaintiff's application to proceed *in forma pauperis* should be granted.

## II. SCREENING

### A. Standard

Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir.  1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v.  Smith*, 203 F.3d 1122, 1129 (9th Cir.  2000) (en banc); *see also Calhoun v.  Stahl*, 254 F.3d 845 (9th Cir.  2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under

1  Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of*

2  *America*, 232 F.3d 719, 723 (9th Cir. 2000).

3      A complaint must contain more than a "formulaic recitation of the elements of a cause

4  of action;" it must contain factual allegations sufficient to "raise a right to relief above the

5  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

6  must contain something more . . . than . . . a statement of facts that merely creates a suspicion

7  [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice

8  and Procedure § 1216, at 235-36 (3d ed. 2004)). In reviewing a complaint under this standard,

9  the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v.*

10  *Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most

11  favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395

12  U.S. 411, 421 (1969). Allegations in *pro se* complaints are held to less stringent standards than

13  formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*,

14  449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also*

15  *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342

16  (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

17  **B. Plaintiff's Complaint and Analysis**

18      Plaintiff names the Social Security Administration as a defendant in this action.

19  (Doc. # 1-1 at 2.) Plaintiff has filed this lawsuit under 42 U.S.C. § 1983, however, it appears

20  from the face of the Complaint that Plaintiff seeks judicial review of her disability

21  determination. (*Id.* at 3-6.)

22      While the Complaint is somewhat vague, it appears from the nature of the allegations

23  that what Plaintiff should have filed was not an action pursuant to 42 U.S.C. § 1983, but a

24  complaint for judicial review concerning social security benefits pursuant to

25

26

27

28                                              3

1    42 U.S.C. § 405(g).  *See Schweiker v. Chilicky*, 487 U.S. 412, 423-24 (1987) (holding that a
2    plaintiff may not pursue a *Bivens* action for social security benefits).[2]

3         In addition, the Social Security Administration is not a proper defendant. This is
4    because the United States enjoys sovereign immunity, meaning that the federal government
5    is immune from suit unless it expressly waives its immunity and consents to be sued. *United*
6    *States v. Shaw*, 309 U.S. 495, 500-01 (1940).  Under the Social Security Act, the United States
7    consents to suit *against the Commissioner of Social Security* by individuals requesting
8    judicial review of the Commissioner's benefit determinations. 42 U.S.C. § 405(g). This consent
9    does *not* extend to lawsuits against other federal employees of the Social Security
10   Administration acting in their official capacities. *See Beeman v. Olson*, 828 F.2d 620, 621 (9th
11   Cir. 1987); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Further, as indicated
12   above, a plaintiff may not pursue a *Bivens* action for the denial of social security benefits. *See*
13   *Schweiker*, 487 U.S. at 423-24. Accordingly, the proper defendant is the current
14   Commissioner of Social Security, Michael J. Astrue.

15        For these reasons, the Complaint will be dismissed with leave to amend. Before filing
16   an amended complaint, Plaintiff should familiarize herself with the 42 U.S.C. § 405, and the
17   regulations governing judicial review of decisions of the Commissioner of Social Security, set
18   forth at 20 C.F.R. §§ 405.501, *et. seq*. Plaintiff is also encouraged to seek the services of an
19   attorney knowledgeable in the area of social security law. Plaintiff should be aware that an
20   attorney who is successful in representing a claimant in a claim for past-due benefits in federal
21   court may be entitled to recover attorney's fees. 42 U.S.C. § 406(b)

22                              **III.  CONCLUSION**

23        **IT IS HEREBY ORDERED THAT**:

24        (1) Plaintiff's request to proceed *in forma pauperis* (Doc. # 1) is **GRANTED.** The Clerk
25   of the Court should be instructed to **FILE** the Complaint (Doc. # 1-1).  The Plaintiff should be

---

26
27        [2] *Bivens v. Six Unknown Names Agents*, 403 U.S. 388 (1971), establishes a legal theory by which
     plaintiff's may seek damages for constitutional violations committed by agents of the federal government.

28                                      4

permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.  This order granting in forma pauperis status should not extend to the issuance of subpoenas at government expense.

(2) Plaintiff's Complaint (Doc. # 1-1) is **DISMISSED WITH LEAVE TO AMEND** to address the deficiencies discussed in this order**.**  Plaintiff is advised that pursuant to Local Rule 15-1, the amended complaint shall be complete in and of itself, without reference to the previous complaint.  Plaintiff should be given **thirty (30) days** from the date of this Order within which to file her first amended complaint remedying, if possible, the defects in the complaint explained above.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Plaintiff is cautioned that if she fails to file a first amended complaint within the time period specified above, the court will issue a report and recommendation that the matter be dismissed with prejudice.  Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and plaintiff shall place the case number, 3:11-cv-00816-RCJ (WGC), above the words "FIRST AMENDED COMPLAINT."

**IT IS SO ORDERED**

DATED:  November 30, 2011.


_____
UNITED STATES MAGISTRATE JUDGE